FILED
CLERK
11/27/2018 12:48 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
LOYALTY KIOSK, LLC et al,

            Plaintiffs,

  -against-

LEAF CAPITAL FUNDING, LLC et al,

           Defendants.
------------------------------------------------------X

FOR ONLINE PUBLICATION ONLY

**ORDER**
18-CV-4800 (JMA) (SIL)

**AZRACK, United States District Judge:**

On August 23, 2018, *pro se* plaintiffs Loyalty Kiosk, LLC and Jarret Calmenson initiated a civil action against defendants.

On August 28, 2018 this Court issued an Order directing plaintiffs to serve defendants by November 21, 2018 and file proof of service with the Court. Company *pro se* plaintiff Loyalty Kiosk, LLC ("Loyalty Kiosk") was also directed to retain counsel within 30 days in order to proceed with its claims in this Court and warned that failure to comply would result in its claims being dismissed. Well over 30 days have passed and no notice of appearance has been filed on behalf of Loyalty Kiosk. The claims of Loyalty Kiosk are therefore dismissed without prejudice.

Furthermore, on September 14, 2018, defendant LEAF Capital Funding, LLC ("LEAF") filed a request for a pre-motion conference concerning a motion to dismiss the action for failure to state a claim. Plaintiffs never responded to the letter. On October 5, 2018, this Court issued an Order directing plaintiffs to file a response to LEAF's pre-motion letter by October 19, 2018. Plaintiffs were warned that failure to respond may result in dismissal of the action for failure to prosecute. A copy of the Order was mailed to plaintiffs at the addresses listed on the docket sheet.

The Court issued another Order on November 7, 2018 directing plaintiffs, by November 21, 2018, to file a response to LEAF's pre-motion letter or indicate by letter that they do not wish to file an opposition, but still intended to prosecute the lawsuit. This too included a warning that failure to respond may result in dismissal of the action for failure to prosecute. A copy of the Order was again mailed to plaintiffs at the addresses listed on the docket sheet.

Since filing their Complaint on August 23, 2018, plaintiffs have not filed proof of service with the Court, responded to the pre-motion conference request, or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiffs have failed to respond to LEAF's pre-motion conference request and the two Court Orders directing a response. The Court has twice warned plaintiffs that failure to respond could result in the dismissal of the case. Plaintiffs' failure to comply with these Court Orders

constitutes grounds for dismissal.  Accordingly, this case is dismissed for failure to prosecute, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: November 27, 2018
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE